## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51020

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

CHANSE KYLLONEN,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-198-1

Before JOLLY, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

I.

A grand jury indicted Chanse Kyllonen on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Kyllonen moved to dismiss the indictment, arguing that his 2001 conviction for third-degree home invasion could not serve as a predicate felony offense for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51020

§ 922(g)(1) liability because Michigan law automatically restored his civil rights after he completed his sentence. *See* 18 U.S.C. § 921(a)(20).

The district court denied the motion. It noted that while Michigan had restored Kyllonen's civil rights for a period of time after his release, the state subsequently amended its juror qualifications in 2003. Under the revised statute, Kyllonen, as a convicted felon, could no longer serve on a jury. The district court therefore determined that Kyllonen was dispossessed of a key civil right on the day of his offense and could not claim an exception under § 921(a)(20).

Kyllonen pleaded guilty to the indictment pursuant to an agreement with the government. The agreement expressly reserved his right to appeal the district court's denial of his motion to dismiss. The district court then sentenced Kyllonen to fifteen months imprisonment and three years of supervised release. This appeal followed.

## II.

Federal law prohibits any person "who has been convicted in any court" of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. 18 U.S.C. § 922(g)(1). There is an exception for when that person "has had [their] civil rights restored . . . unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). Under the Supreme Court's existing interpretation, *any* residual limitation on the offender's right to possess a firearm—however small—is enough to activate § 921(a)(20)'s "unless" clause and preclude the offender from taking advantage of the statutory exception. *Caron v. United States*, 524 U.S. 308, 314–17 (1998).

At the time Kyllonen was released from prison, Michigan would only grant a concealed carry permit to applicants who had "never been convicted of a felony in this state or elsewhere." MICH. COMP. LAWS § 28.425b(7)(f). The

No. 18-51020

state, in other words, imposed a residual limitation on Kyllonen's ability to exercise his Second Amendment rights.  Accordingly, Kyllonen never qualified under § 921(a)(20) for an exception to § 922(g)(1) liability, irrespective of any other civil right that Michigan may or may not have restored to him.  We therefore affirm the district court without addressing whether Michigan's revised juror qualifications had the effect of retroactively increasing Kyllonen's punishment in violation of the United States Constitution.